JUSTICE HUNT,
concurring in part and dissenting in part:
*445 I concur with the portions of the Majority Opinion dealing with nondelegable duties based on contract and control. However, I dissent from the Majority’s analysis regarding inherently dangerous activity.
The Majority holds that the use of an aerial lift bucket is not an inherently dangerous activity because standard precautions may be implemented to prevent the risks involved in using the bucket. However, for the reasons I pointed out in my dissents to Kemp v. Bechtel Constr. Co., 221 Mont. 519, 528-34, 720 P.2d 270, 276-80, (1986) and Micheletto v. State, [483] 798 P.2d 998-990 (Mont. 1990) [47 St.Rep. 1740], I disagree. The ability to lessen the dangers normally found in inherently dangerous activity through the use of ordinary safeguards does not change the basic character of the activity. If the nature of the activity is inherently dangerous, it remains inherently dangerous whether or not standard precautions may be taken to lessen the dangers normal to the activity.
Because the use of the aerial lift bucket constituted an inherently dangerous activity, defendant, as employer of the contracting firm, retained a nondelegable duty to furnish plaintiff with a safe place to work. Restatement (Second) of Torts §§ 416 and 427 (1977). Plaintiff, in his complaint and in his deposition, maintained that defendant failed to provide a safe place to work because the aerial lift bucket was not equipped with standard safety devices to which he could attach his safety belt. By so alleging and testifying, plaintiff raised a material question of fact. He should be allowed to take his case to the jury.
I would reverse the District Court on this issue.